# IN THE COURT OF APPEALS OF IOWA

No. 15-1913
Filed July 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISTOPHER MICHAEL RUNGE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

A defendant appeals his conviction challenging the sufficiency of the evidence and the court's denial of his motion for a mistrial. **AFFIRMED.**

Christopher M. Soppe of Pioneer Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Christopher Runge was convicted by a jury of driving while barred as a habitual offender. He appeals claiming there was insufficient evidence to support his conviction and the court abused its discretion in denying his motion for a mistrial.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013).

> In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it.

*Id.*

In this case, the jury heard the testimony of Runge's girlfriend, who testified Runge came to her house on two consecutive days in February 2015. Runge's vehicle, a 2007 Chevy Tahoe, was not present at her house before Runge arrived, the vehicle was present while Runge remained at her house, and the vehicle was not there after Runge left. In addition, an officer responding to a domestic disturbance call from the home felt the tire of the Tahoe and noted the tire was warm from the engine's residual heat, despite the cold winter temperatures, indicating the vehicle had recently been driven. Runge was in possession of the keys to the vehicle. Runge explained to the officer at the scene that a friend had driven him to work and back to the residence and the vehicle had not been moved that day.

Runge asserts on appeal the evidence was insufficient to prove he drove the vehicle because no one observed him driving. However, the jury was free to

reject his explanation that a friend was driving him around and accept the circumstantial evidence that supported the conclusion Runge had driven, without a license, to and from his girlfriend's home. *See State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa 2011) (noting "finder of fact is free to use circumstantial evidence" and "circumstantial evidence is not inferior to direct evidence").

Runge also claims the court should have granted his motion for a mistrial when the State admitted evidence through the testimony of the officer that Runge had someone else register the Tahoe due to the status of his driver's license. He claims this was other-bad-acts evidence that was inadmissible under Iowa Rule of Evidence 5.404(b).

We review a court's decision on a motion for a mistrial for an abuse of discretion. *State v. Newell*, 710 N.W.2d 6, 32 (Iowa 2006). "A mistrial is appropriate when 'an impartial verdict cannot be reached' or the verdict 'would have to be reversed on appeal due to an obvious procedural error in the trial.'" *Id.* (citation omitted).

At trial, Runge's counsel objected when the officer was asked what Runge said to the officer when the officer asked him to explain why the Tahoe was register to a different person. The court overruled the objection, and the officer testified Runge said he had a friend register the vehicle due to his driving status. Runge's counsel moved for a mistrial, which the district court denied. Upon our review of the evidence, we find the court reasonably concluded the testimony of the officer regarding the registration of the Tahoe "did not prevent the defendant from receiving a fair trial with impartial jurors." *See id.* at 33. The information regarding the registration of the Tahoe was already in evidence from the

testimony of Runge's girlfriend, who testified, without objection, that the Tahoe was registered in "Donnie's" name and that she had declined Runge's request to register the Tahoe in her name.

Because we conclude the trial court did not abuse its discretion in denying Runge's motion for a mistrial and sufficient evidence supports his conviction for driving while barred as a habitual offender, we affirm.

**AFFIRMED.**